FRANK SQUYRES v. THE STATE.

No. 8841.     Delivered May 20, 1925.

Rehearing Denied October 14, 1925.

1.—Murder—Bill of Exception—Incomplete—Not Considered.

Where on a trial for murder, appellant complains of the admission of testimony of the sister of deceased that she knew, of her own knowledge that when deceased left home that he was going to cut wood, and appellant's

bill fails to set out that appellant did not know said movements, and actions of the deceased at the time, same is defective, and cannot be considered by us.

**2.—Same—Evidence—General Reputation—Of Accused—Properly Admitted.**

Where appellant moves to strike out testimony of witnesses as to his bad reputation, because predicated on facts or opinions occurring seven years prior to the trial, his motion was properly overruled, such objection going more to the weight of the testimony than to its admissibility. Following Bibb v. State, 86 Tex. Crim. Rep., 112.

**3.—Same—Evidence—Harmless Error.**

Where the wife of appellant was permitted on cross-examination to testify that she rode with the defendant on the morning of the killing to Edward Hammer's house, the place of the killing. such testimony was without material effect, and its admission, if error, was harmless.

**4.—Same—Continued.**

And so is the testimony that the defendant and his wife went together in an automobile from the residence of Tom Hammer, to the residence of Ed. Hammer, where the homicide occurred, and when they reached the residence, went into the house, we cannot discover any possible injury to appellant, in the admission of said testimony.

**5.—Same—Evidence—Questions Not Answered—Harmless.**

Where questions of an immaterial character were asked appellant's wife, on cross-examination, which questions, when objected to, were not answered by her, no error is apparent.

ON REHEARING.

**6.—Same—General Reputation—Of Deceased—Rule Stated.**

We are not prepared to adopt any restrictive rule as to the time that general reputation of a witness can be shown in its relation to the time of the trial. Whether too remote must be decided on the facts of each particular case. We think the correct rule is announced in Bibb v. State, 86 Tex. Crim. Rep. 112, cited in our original opinion.

**7.—Same—Wife as Witness—Cross Examination.**

We cannot agree with the contention of appellant that the cross examination of his wife was improper. There was no controversy over the facts sworn to by her, and same were admitted to be true by appellant, and only related to the presence of appellant and his wife at the place where the homicide occurred, and the motion for rehearing is overruled.

Appeal from the District Court of Shelby county. Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction of murder; penalty, five years in the State penitentiary.

The opinion states the case.

*Davis & Davis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged by indictment in the district court of Shelby county with murdering one John Richards by shooting him with a pistol, and convicted in said court of the offense of manslaughter, and his punishment assessed at five years confinement in the penitentiary.

This is the second appeal of this case. The first appeal will be found in the case of Squires v. State, 242 S. W. 1024.

The appellant complains of the action of the trial court in permitting the State's witness, Mrs. Alice Grubbs, sister of deceased, to testify that in the morning about eight o'clock on the day of the homicide, when the deceased left home, "I know of my own knowledge that he was going to cut wood", because said testimony was hearsay and because same was unknown to the defendant. These bills do not affimatively show that the defendant did not know of said movements and actions of the deceased at said time and for that reason same are defective; and, under the rule of this court, of long standing, we are not required to consider same.

There is complaint raised in bill of exception No. 3, to the action of the court in refusing to strike out the testimony of certain witnesses for the State, who had testified on direct examination to the bad reputation of the defendant, and upon cross-examination stated they based their testimony upon what they had heard just prior to the date of the marriage of the defendant, which the record shows to be about seven years previous to the homicide. These witnesses qualified and testified on direct examination that they were acquainted with the general reputation of the defendant in the community where he resided, and it was bad. We think this objection would go more to the weight of the testimony than to the admissibility of same. Bibb v. State, 86 Tex. Crim. Rep. 112, Opinion 117.

Appellant complains of the action of the court in permitting the State on cross-examination to ask defendant's wife and have her testify that she rode with the defendant on the morning of the killing to Edward Hammer's house, the place of the homicide, because said question and answer was not germane, to anything brought out by the defendant from said witness on direct examination. If this was error on the part of the court, we are unable to see where it was harmful to the defendant in this case, or resulted in any injury to him.

The testimony, as developed by the State's witnesses, Tom Hammer and Ed. Hammer, brothers-in-law of the defendant, and brother to the defendant's wife, without objection, was that the defendant and his wife went together in an automobile from the residence of Tom Hammer to the residence of Ed. Hammer on the morning of the homicide and both of said witnesses testified without objection that the defendant and his wife when they reached the residence of Ed.

Hammer went into the house, the place where the homicide afterwards occurred. We are unable to see from any standpoint where this testimony in any manner could have possibly injured the defendant as disclosed by the record of this case.

In bill of exception No. 5, appellant complains of the action of the private prosecuting attorney in asking the defendant's wife upon cross-examination, relative to going with the defendant in a car to her brother's the following questions: "And you went in the house with him?" "You came in behind him?" "Did either one of you go in the house?", all of which questions when asked were objected to by defendant and sustained by the court. What we have said relative to the testimony of the witnesses, Tom and Ed. Hammer, both applies to these questions, and their testimony clearly showed that the defendant's wife did go with him and went in the house with him and we see no reason for complaint of the defendant at the action of the court in this particular, for the reason that the court's ruling appears extremely lenient towards the defendant. Even if there was error in any of the particulars above mentioned, we would not be inclined to reverse this case in these particulars, as ths errors appear harmless, if any committed.

After a very careful consideration of this entire record, we fail to observe any error in the trial of this case by the trial court and are of the opinion that the defendant has had a fair and impartial trial and accordingly affirm the judgment of the trial court.

*Affirmed.*

The foregoing opinion, of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—We do not think the matters of complaint relating to the testimony of Mrs. Grubbs, meritorious. Nor are we willing to adopt the restrictive rule contended for by appellant regarding testimony affecting the reputation of appellant. The authorities cited as supporting the contention that the State's evidence related to a time too remote, are decided on the facts of each particular case, and in none of them is the time referred to as near to the time of the alleged crime as in the case before us. We think the correct rule is announced in Bibb v. State, cited in our original opinion, and that the bill presents no error.

Regarding the questions asked by the State of appellant's wife while a witness, which are claimed to the violative of the rules, we are not in accord with this contention. The fact that the killing took place at Ed. Hammer's house was sworn to by a number of

witnesses, who also testified that just before the homicide appellant with his wife and other parties in a car drove up to said house. Just how it could be claimed to be erroneous for the State to ask Mrs. Squires if she went in a car with her husband to the house of Ed. Hammer, her brother, is not clear to us. The wife was not forced to supply any material facts to the State's case or to state anything in the least hurtful to her husband's case. He was not denying that the killing took place at Ed. Hammer's house, but admitting it; nor was he asserting that his defense in any way depended on whether his wife drove up with him to the house in a car.

The motion for rehearing is overruled.

*Overruled.*